# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| GRETA KELLER, | : | Civil Action No. 04-669 (PGS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| SCHERING-PLOUGH, CORP. et al., | : | |
| | : | |
| Defendants. | : | |

This matter having been opened to the Court upon Motion by Daniel J. McCarthy, Esq., of Rogut McCarthy & Troy, LLC, attorneys for Plaintiff Greta Keller ("Plaintiff"), seeking leave to amend the pleadings to conform to the evidence and deem Plaintiff's pleadings amended to include fraud in the inducement and to permit Plaintiff to seek punitive damages on her breach of contract and breach of covenant of good faith and fair dealing claims; and considering Defendant Schering Corporation's ("Defendant")  (incorrectly identified in the Amended Complaint as "Schering-Plough Corporation") opposition; for the reasons set forth below, the motion is hereby denied without prejudice.

## I.     BACKGROUND

The facts in this matter are well known to the parties and this Court and therefore will not be repeated herein at length.  In this action, Plaintiff, a former employee of the Defendant, asserts that she and Defendant entered into a separation agreement on or about October 1, 2003.  [Am. Compl. ¶ 1].  She alleges that, pursuant to that agreement, she is entitled to certain compensation and benefits from Defendant but that Defendant has refused to fulfill these obligations.  [*Id.* ¶

32].

Defendant admits that it has not made any payments but asserts that Plaintiff fraudulently induced it to enter into the agreement, thereby rendering it void.  [Def.'s Br. in Opp. to Mot. for Summ. J. ("Def. SJ Br.") 6].  Specifically, Defendant alleges that it entered into the agreement based on representations that Plaintiff was terminating her employment because of health and other personal reasons, when, in fact, she was leaving to fulfill virtually the same role with another pharmaceutical company, only days after executing the agreement with Defendant.  [Def. SJ Br. 6-8.]  Defendant asserts that Plaintiff omitted material facts from her conversations with Human Resources, namely that she was in the midst of securing employment with a competitor and was not actually seeking relief for personal and medical reasons, and that such representations had been omitted deliberately in order to secure a severance agreement.

## II.      PROCEDURAL HISTORY

Plaintiff filed her original Complaint on January 8, 2004, in the Superior Court of New Jersey, Law Division, Union County.  Thereafter, on February 13, 2004, Defendant filed a Notice of Removal to this District Court.  [Doc. No. 1].  On February 27, 2004, the Honorable G. Donald Haneke, U.S.M.J., entered an order for a scheduling conference with the parties on April 12, 2004.  [Doc. No. 2].  Plaintiff filed an Amended Complaint on March 8, 2004 [Doc. No. 5], which the Defendant answered on March 18, 2004.  [Doc. No. 6].  Plaintiff then filed a Motion for Summary Judgment on April 12, 2004, on the same day as Judge Haneke's first scheduling conference with the parties.  By order entered on April 13, 2004, Judge Haneke permitted discovery to proceed and ordered that a status conference be held subsequent to the Court's resolution of the summary judgment motion.  [Doc. No. 7].

On June 28, 2004, Defendant moved for partial summary judgment on Counts 1 and 2 of

the complaint [Doc. No. 11], and Plaintiff cross-moved to strike portions of Defendant's

pleadings on the grounds that they disclosed communications protected by the attorney-client

privilege. [Doc. Nos. 11 and 12].  On December 20, 2004, the Honorable Joseph A. Greenaway,

U.S.D.J., denied Plaintiff's Motion for Summary Judgment as premature and ordered dates for

the remaining motions.  On March 30, 2005, Judge Greenaway denied the remaining two

motions.

Discovery proceeded in the case and was closed on September 30, 2006, with minor

exceptions allowed by the Honorable Ronald J. Hedges, U.S.M.J.  [See Doc. Nos. 38, 42, 43 &

47].  The parties pre-tried this case before Judge Hedges on February 28, 2007, and a Pretrial

Order was prepared by the parties and filed on March 26, 2007.  On June 29, 2007, Defendant

filed its Motion for Summary Judgment which is still pending.  A trial date was set in this matter

for September 17, 2007, which was adjourned by the Honorable Peter G. Sheridan until October

9, 2007 and then again until November 1, 2007.


## III.    DISCUSSION

The Court notes at the outset two major flaws with Plaintiff's submissions to this Court.

First, Plaintiff filed a motion which, if granted, would amend her Complaint.  However, she does

not include a copy of the proposed Amended Complaint. Pursuant to L. Civ. R. 7.1(f),

> Upon filing of a motion for leave to file an amended complaint or answer, a
> complaint in intervention, or other pleading requiring leave of Court, the moving
> party shall attach to the motion a copy of the proposed pleading or amendments
> and retain the original until the Court has ruled. If leave to file is granted, the
> moving party shall file the original forthwith.

Generally, failure to abide by the Court's motion practice rules may be cited among the reasons

for denial of the requested relief.  *See, e.g.*, *Venner v. Delran Twp.*, No. 05-1280, 2007 U.S. Dist. LEXIS 30332 at *4 (D.N.J. Apr. 24, 2007) (denying plaintiff's motion as untimely under L. CIV. R. 7.1(I)); *Dehaarte v. City of Newark*, No. 04-21, 2006 U.S. Dist. LEXIS 8829 at *6-7 (D.N.J. Mar. 6, 2006) (declining to consider defendants' new arguments that were raised in violation of motion practice rules).  In this case, however, the Court found ample information in the motion papers themselves to render a decision on the merits.  Therefore, while the Court admonishes Plaintiff for failing to comply with the Rules, it t will not dismiss the motion on procedural grounds.

The second critical error with Plaintiff's submissions is the failure to supply this Court with any evidence of the facts offered in support of her position. Plaintiff's Brief in Support of her Motion states eleven pages of facts with only bare bones citation to any relevant evidence. Moreover, the bulk of Plaintiff's factual allegations have not been previously raised and/or are not supported by any documents or deposition testimony in this case.  In spite of these flaws, the Court will consider Plaintiff's motion on the merits to the extent it is supported by proper evidence.

A.      **Motion to Conform to the Evidence Pursuant to FED. R. CIV. P. 15(b)**

Plaintiff claims that she should be allowed to amend her complaint pursuant to FED. R. CIV. P. 15(b), which permits parties to amend their pleadings to include issues that are not raised in the pleadings but that are tried by express or implied consent of the parties. *See In re Meyertech Corp.*, 831 F.2d 410, 422 (3d Cir. 1987).  Rule 15(b), however, is limited to situations where the issue has been tried.  *Albanese v. Bergen County*, 991 F. Supp. 410, 421 (D.N.J. 1997). Here, no trial has occurred, and therefore, Plaintiff can find no solace in Rule 15(b).

Plaintiff has not moved under any other provision of FED. R. CIV. P. 15.  Therefore, the

Court is not obligated to entertain Plaintiff's request on any other grounds and the Motion could be denied.  However, both Plaintiff and Defendant have adequately outlined for this Court the appropriate law and analysis in relation to a motion to amend under FED. R. CIV. P. 15(a). Therefore, the Court shall consider Plaintiff's moving papers as though relief was being sought pursuant to FED. R. CIV. P. 15(a).

> **B.      Motion to Amend Pursuant to FED. R. CIV. P. 15(a)**

Although leave to amend the pleadings under FED. R. CIV. P. 15(a) is generally given freely, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).  Finally, in determining a motion to amend a complaint, the Court looks only at the pleadings.  *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000).

The Third Circuit has held that delay alone is insufficient for denial of a motion to amend.  *Coventry v. United States Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). "Rather, the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." *Howze v. Jones & Laughlin Steele Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) (citing *Cornell*, 573 F.2d at 823).  Prejudice involves the serious impairment of the defendant's ability to present its case.  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).  Moreover, prejudice

under Rule 15(a) means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Exxon Corp. v. Halcon Shipping Co.*, No. 91-920, 1994 U.S. Dist. LEXIS 2160 at *13 (D.N.J. Feb. 22, 1994); *see also United States v. 2001 Honda Accord EX*, 245 F. Supp. 2d 602, 613 (M.D. Pa. 2003).  Additionally, prejudice involves the serious impairment of the defendant's ability to present its case.  *Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993).

The Third Circuit has recognized that a motion to amend a complaint may be properly denied as unduly prejudicial when it is made on the eve of trial or after the close of discovery. *See, e.g., Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (denying motion to add additional claims made on first day of trial); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923-24 (3d Cir. 1990) (denying motion to add additional claims made four months after new information became available and two months after close of extended discovery); *Clark v. Falls*, 890 F.2d 611, 624 (3d Cir. 1989) (denying motion to include events occurring after filing of complaint because motion was made one week after close of discovery and three weeks before trial); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1202-03 (3d Cir. 1989) (denying motion to add additional claim made four days before close of discovery and one month before trial as unduly prejudicial to defendant on the eve of trial).

Plaintiff is correct in identifying that Rule 15 provides a flexible basic policy statement allowing courts freely to permit parties to amend their pleadings.  *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001).  The Court is not convinced, however, that amending the complaint now, on the eve of trial, will not unduly prejudice Defendant.  A delay such as the one in the instant case satisfies the *Foman* exception to general liberality in allowing a party to amend its complaint in that such an amendment will cause "undue prejudice to the opposing party."

-6-

*Foman*, 371 U.S. at 182.  The time frame of the Plaintiff's Motion presents the classic paradigm of undue prejudice to the opposing party, as it comes on the eve of trial and after the close of discovery.  *Harter*, 150 F.R.D. 502, 509.

      This action is not in its preliminary stages.  The original Complaint was filed and amended more than three years ago.  Plaintiff received numerous extensions regarding discovery deadlines and pleadings.  Discovery officially closed on September 30, 2006, and there have been no formal requests for extensions of discovery since that time.  Plaintiff contends that she could not have brought these amendments to the attention of the Court, nor opposing counsel, at any time prior to the drafting of the final pretrial order.  [Pl.'s Br. in Resp. 11-12; Doc. No. 59].  Plaintiff also claims that the reason for this delay was a result of Defendant's conduct in refusing to produce members of its own litigation control group for more than a year and stalling the production of documents.  [Id.].  However, the Court finds that the information required to amend the pleadings to include fraud in the inducement and punitive damages has been within the knowledge of the Plaintiff since at least the close of discovery if not since the onset of this case.  Plaintiff alleges new claims but fails to justify why they were not pled sooner.  Even if this Court was to find the Defendant dilatory in turning over discovery, such discovery was not necessary for Plaintiff to amend her Complaint.

      This Court also finds prejudice to Defendant in permitting Plaintiff to amend her pleadings as she alleges new theories which, if accepted, would result in renewed discovery.  Prejudice will occur, warranting denial of a motion for leave to amend "if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation."  *Rehabilitation Inst. v. Equitable Life Assur. Soc. of the U.S.*, 131 F.R.D. 99, 102 (W.D. Pa. 1992)

(citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL

PRACTICE AND PROCEDURES § 1487 (2d ed. 1990)).  Courts infer greater prejudice to the non-

moving party when the proposed amendments require the reopening of discovery after it has

closed.  *Re: Industrias Desafio, Inc. v. Ecko Complex, LLC*, No 04-5265, 2007 U.S. Dist. LEXIS

13003 at *3 (D.N.J. Feb. 26, 2007) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*,

133 F.R.D. 463, 469-70 (D.N.J. 1990)). Such "substantial or undue prejudice to the non-moving

party is sufficient ground for denying a motion to amend." *Id*. (citing *Lorenz v. CSX Corp*., 1

F.3d 1406, 1414 (3d Cir. 1993)).

      Plaintiff is attempting to shift the theories of this case, which were not the same theories

present at the inception of this matter.  *See Deakyne v. Comm'r of Lewes*, 416 F.2d 290, 300 (3d

Cir. 1969) (finding a change of theories by the amending party to be prejudicial).  Plaintiff

suggests that the addition of the proposed claims and a request for punitive damages would not

require further discovery at this time as they arose out of Defendant's conduct when it breached

the contract.  [Pl.'s Br. in Reply 13].  Moreover, Plaintiff asserts that "these amendments are

based upon facts Plaintiff set forth at the filing of her lawsuit."  [Id.].[1]  This statement is

extraordinarily problematic for Plaintiff for one critical reason.  If the additional claims,

including punitive damages, arose out of Defendant's alleged breach of contract, then there is no

reason for Plaintiff not to have had the requisite knowledge of these claims at the time the

original Complaint and Amended Complaint were filed.  In other words, there is no reason for

Plaintiff to have waited more than three years after filing her Amended Complaint to pursue the

present amendments.

---

    [1] Plaintiff does contend that the full extent of Defendant's conduct was not known until
the completion of depositions in May, 2007. The Court finds this statement disingenuous.

In addition, Defendant correctly identifies the distinct disadvantage that it would face should the Court allow Plaintiff's proposed amended pleadings to conform to the evidence.  As Defendant states in its opposition memorandum, Plaintiff is seeking to add two claims and adds a litany of factual allegations not previously raised or supported by any documents or deposition testimony on the record.  The Court has independently reviewed Plaintiff's submissions as well as the accompanying deposition transcripts and documents and finds no support for the bulk of Plaintiff's assertions.  Therefore this Court agrees with Defendant that unless discovery is reopened and Defendant is allowed to serve additional written discovery requests and to take additional deposition testimony, Defendant will be denied a meaningful opportunity to respond to these new allegations.  Therefore, Plaintiff's Motion must be denied.

The Court has dealt with only one of the exceptions elaborated in *Foman* – that of "undue prejudice."  This exception, however, "is the touchstone for the denial of leave to amend." *Harrison Beverage Co*., 133 F.R.D. at 468.  In determining when prejudice is "undue," the court determines whether the non-moving party has shown it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Id*.  The Court is satisfied that Defendant has met its burden of demonstrating unfair disadvantage and will therefore not address the other *Foman* criteria.

IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend the pleadings to conform to the evidence and deem Plaintiff's pleadings amended to include fraud in the inducement and to permit plaintiff to seek punitive damages on her breach of contract and breach of covenant of good faith and fair dealing claims, is hereby DENIED.

**IT IS** on this 9th day of October, 2007,

**ORDERED** that Plaintiff's Motion is DENIED; and it is further

**ORDERED** that the Clerk of the Court terminate this motion, Document No. 57.

**s/ Esther Salas**

**HONORABLE ESTHER SALAS,**
**United States Magistrate Judge**
